IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:04-CR-0069 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| **TRINA SMITH** | : | |

## ORDER

AND NOW, this 14th day of February, 2006, upon consideration of the order of the Court of Appeals for the Third Circuit (Doc. 62), remanding this case "for a determination concerning excusable neglect,"[1] see FED. R. APP. P. 4(b)(4) ("Upon a finding of excusable neglect or good cause, the district court may . . . extend the time to file a notice of appeal . . . ."); see also In re Diet Drugs Prods. Liab. Litig., 401 F.3d 143, 153-54 (3d Cir. 2005) (discussing the factors to be weighed in determining excusable neglect); United States v. Scheiner, 873 F. Supp. 927, 932 (E.D. Pa. 1995) (same), and defendant's motion of excusable neglect and good cause (Doc. 65), and it appearing that defendant filed the notice of appeal within the thirty-day extension period, see United States v. Richmond, 120 F.3d 434, 436 (3d Cir. 1997) ("We have held that district courts retain the authority to grant the appealing party a Rule 4(b) extension . . . so long as the appealing party filed the notice of appeal within the 30-day extension period."), and the court finding that defendant has demonstrated excusable neglect in that the length of defendant's delay will not negatively impact the judicial proceedings or prejudice the government, see In re Diet Drugs, 401 F.3d

---

[1] The Court of Appeals for the Third Circuit has stayed defendant's appeal pending the court's determination on the issue of excusable neglect. (See Doc. 62.)

at 153 n.20 (identifying "length of the delay and its potential impact on judicial proceedings" and "danger of prejudice" as factors), and that defendant acted in good faith because health issues prevented her from timely filing an appeal (see Doc. 65),[2] see id. (identifying "reason for the delay, including whether it was within

---

[2] The court notes that, contrary to defendant's assertion that the court denied her a stay to receive a kidney transplant (see Doc. 65 at 2), the court granted defendant's request for an extended voluntary surrender period to receive the transplant. The following exchange occurred between the court and counsel for defendant at the sentencing hearing on January 25, 2005 (see Doc. 66 at 16-18, 26):

| | |
|---|---|
| Mr. List: | I would ask that she be allowed to have her transplant before she starts [to] serve her time. Might I also mention something else before I would be -- |
| The Court: | Wait a minute. Before we pursue beyond that, you're asking me to allow her to have her transplant before she begins serving any time? What information are you providing to me today with respect to the anticipated length of time before a kidney becomes available to her? |
| Mr. List: | Your Honor, from start to finish, from today moving forward I've been told by the people at the hospital it will be approximately six weeks. . . . I'm really asking the court to allow [the usual voluntary surrender time] to be extended for a few more weeks so the transplant can take place and the necessary recuperative efforts at the hospital can take place . . . . |

\* \* \*

| | |
|---|---|
| The Court: | You're asking [for] the recuperative time as well. Are you asking for eight weeks? |
| Mr. List: | No, I'm asking for six weeks. . . . [T]his surgery and recuperative time, as I understand it fairly from start to finish today moving forward [is] about six weeks. |
| The Court: | All right. Then without objection, that request will be granted. |

\* \* \*

| | |
|---|---|
| The Court: | The court will select Tuesday, March 15, as the voluntary surrender date. That's seven weeks from today. |

2

the reasonable control of the movant, and whether the movant acted in good faith" as a factor), it is hereby ORDERED that:

1. Defendant's motion of excusable neglect and good cause (Doc. 65), CONSTRUED as a motion for an extension of time to file an appeal, is GRANTED as so construed.  See FED. R. APP. P. 4(b)(4).

2. The Clerk of Court is directed to send a copy of this order to the Court of Appeals for the Third Circuit.  (See Doc. 62.)

    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge