## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:04-CR-0069** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **TRINA SMITH** | : | |

### AMENDING ORDER

AND NOW, this 3rd day of November, 2008, upon consideration of the

memorandum and order of court (Doc. 99) dated June 25, 2008, and of defendant's

letter dated October 18, 2008, which (1) contends that the memorandum mistakenly

concludes that the presentence report assigned no criminal history points to three

of defendant's prior convictions for failure to file income taxes[1] and (2) requests "a

general motion document . . . [to] allow[] me to . . . [request] a sentence reduction in

light of the Second Chance Act" of 2007, Pub. L. No. 110-199, 122 Stat. 657 (2008),

and, after review of the presentence report prepared in this matter, it appearing

---

[1]The memorandum stated:

> Defendant also claims that the court erroneously relied on three of her
> prior convictions for failure to file earned income taxes when
> evaluating her career offender status because there were "no court
> proceedings" associated with these offenses. (Doc. 81 at 3, 6.) The
> presentence report, however, indicates that these charges were
> assigned docket numbers and resulted in convictions and fines.
> Defendant has provided no evidence to the contrary. In any event,
> these offenses were assigned no criminal history points and therefore
> have no bearing on defendant's career offender status.  See U.S.
> SENTENCING GUIDELINES MANUAL § 4B1.1 (2004) (counting only prior
> felony convictions for crimes of violence or controlled substance
> offenses).

(Doc. 99 at 8 n.7.)

that one criminal history point was, in fact, assigned to each of defendant's three

tax convictions, and that the resulting criminal history points do not affect

defendant's sentence or Sentencing Guidelines range because they have no bearing

on her career offender status, See U.S. SENTENCING GUIDELINES MANUAL § 4B1.1

(2004) (counting only prior felony convictions for crimes of violence or controlled

substance offenses when assessing a defendant's status as a career offender), and

the court having previously concluded that defendant was properly adjudicated a

career offender based upon her 1988 and 1992 controlled substance offenses, (see

Doc. 99 at 4-8), it is hereby ORDERED that:

1.   The Clerk of Court is instructed to docket defendant's letter dated
     October 18, 2008.

2.   The memorandum (Doc. 99) dated June 25, 2008 is AMENDED by
     deleting the sentence that begins in the sixth line of footnote 7 on
     page 8, which reads as follows:  "In any event, these offenses were
     assigned no criminal history points and therefore have no bearing on
     defendant's career offender status."  This language is replaced with
     the following sentence:  "In any event, these offenses have no bearing
     on defendant's career offender status and therefore do not affect the
     propriety of her sentence."  See FED. R. CRIM. P. 36 (stating that a
     court may amend any "judgment, order, or other part of the record" to
     correct clerical error); R. GOVERNING § 2255 CASES 12 (stating that a
     court may apply the Federal Rules of Criminal Procedure to a motion
     under § 2255).

3.      The Clerk of Court is instructed to transmit to defendant blank copies
        of the standard forms used to challenge incarceration under 28 U.S.C.
        § 2255 and 28 U.S.C. § 2241.[2]  Defendant may raise her argument under
        the Second Chance Act of 2007 in accordance with any substantive law
        supporting her claim and through any procedure she contends is
        appropriate under the circumstances.


                                    S/ Christopher C. Conner
                                    CHRISTOPHER C. CONNER
                                    United States District Judge

---

[2]The court provides these forms solely as a courtesy to defendant at her
request.  The transmission of the forms does not reflect an opinion by the court
regarding how defendant should proceed with her claim under the Second Chance
Act, nor does it constitute a ruling by the court regarding the merits thereof.  The
court cannot provide legal advice to *pro se* defendant, who must make strategic
decisions regarding how to assert her claim for relief independently of the court.
See United States v. Perry, 142 F. App'x 610, 612 (3d Cir. 2005) ("[T]here is no
general requirement for a District Court to provide information or legal advice to
pro se litigants who seek post-conviction relief.").